Bosworth, Ch. J.
This action was tried before a Justice of this Court without a Jury, who decided “that the word, noun, name, title or device, ‘Cocoine,’ is a spurious and unlawful imitation by the defendants of the word, name, title or device, ‘Cocoaine,’ the aforesaid trade mark of the plaintiffs,” and adjudged that the defendants be perpetually enjoined from using either of those words.
The defendants move for a new trial on the ground of newly discovered evidence; that evidence consisting of the facts, that M. Weill & Co., from in 1846 into 1855, at Strasbourg, in Europe, manufactured toilet soaps from cocoanut oil, and used for that purpose about fifteen casks of cocoanut oil per month, and made and sold such soap in cakes of different sizes, having impressed upon each cake the words “ Savon Cocoíhe,” and that specimens of it were exhibited at the “ Exposition TJniversalle ” in Paris, in 1855, and that such soap had been extensively advertised, &c.
"• In disposing of this motion, I must assume that the Judge at Special Term found the facts correctly upon the evidence there given, and that his conclusions of law upon the facts he found are free from error.
His decision as to those matters must be deemed to be correct, for all the purposes of this action, except upon an appeal to the General Term, from the judgment, (to be entered on Ms decision.)
*624 •Disposing of this motion, on that assumption, it must be denied. It was proved on the trial- that the word “ Cocoine ” was in a French Dictionary, and is an adjective. The newly discovered evidence merely proves that this adjective could be found on soap used in Europe as=well as in- the dictionary: If the fact that' there" was such- a word in existence, and in a scientific work, in connection with the evidence given in relation to" its adoption by Phalon & Son, and the form and style of the label on which they impressed it, will not justify them In using it as they did ;• the newly discovered -evidence cannot affect the force of the evidence given on the trial to prove that “ Cocoaine ’-' is a new term,-and was unknown to any one-until after the plaintiffs had invented it. Such evidence is purely cumulative. If it be daw, as was decided at the Special Term, this motion should be denied.
If the defendants are dissatisfied with the decision there made, either upon" the law or the facts, their- remedy is an -appeal. On that appeal, an appeal from an order denying, the present motion can also be heard, and thus the whole matter will be' brought before-' 'the Court at General- Term. "The - main question ds undoubtedly one of interest" and importance, and if the parties are so disposed, they can facilitate an appeal and avoid'the delay of the reference ordered to ascertain the plaintiffs’ damages.
Motion denied. •